ARCHIE LEPPO, as Administrator of the Estate of HENRY M. LEPPO, Deceased, et al., Respondents, v TRANS WORLD AIRLINES, INC., Appellant.— Order, Supreme Court, New York County, entered April 29, 1974, denying defendant's motion for summary judgment, and granting plaintiffs' cross motion for summary judgment to the extent of finding defendant absolutely liable to plaintiffs under the Warsaw Convention, is unanimously affirmed, with $60 costs and disbursements to respondents. The issue is whether a terrorist attack (during which three plaintiffs were injured and one plaintiff's intestate was killed) took place "in the course of any of the operations of embarking or disembarking" within the meaning of article 17 of the Warsaw Convention (as modified by the Montreal Agreement), an international treaty to which the United States is a party, and which applies to international air travel. Under the treaty there is absolute liability if the "accident" occurred in such "course." The terrorist attack took place in the Athens Airport on August 5, 1973. The plaintiffs, including plaintiff's intestate, had tickets for a flight from Athens to New York on defendant's airline on that day. They had completed substantially all formalities; they had submitted their tickets, received boarding passes, checked their baggage, and passed through Greek passport inspection, after which they were admitted to the international transit lounge to await the calling of their flight and the search by Greek authorities prior to boarding the plane. Neither the lounge nor any specific area thereof is reserved for the exclusive use of any particular airline. When the flight was called, the passengers lined up in front of Gate 4, as directed to participate in a carry-on baggage and physical search by Greek authorities, upon the completion of which, the passengers were to pass through a gate and board a bus on the landing field to take them to the airplane. While the passengers were so lined up, two Palestinian terrorists, who were not prospective TWA passengers, threw hand grenades and shot persons waiting inside the international passenger lounge causing the injuries and death upon which this lawsuit is based. Persons other than prospective passengers on defendant TWA's airline were also injured and killed. On these undisputed facts, Trial Term held that the

incident took place "in the course of any of the operations of embarking or disembarking" within the meaning of article 17 of the Warsaw Convention. We agree. Two United States Courts of Appeals have considered this precise question with respect to this very incident as applied to other passengers on this same line, and have held that this terrorist attack took place in such "course" within the meaning of article 17 of the Warsaw Convention. (*Day v Trans World Airlines,* 528 F2d 31, cert den 429 US 890; *Evangelinos v Trans World Airlines,* 550 F2d 152.) Tenable arguments can be made the other way. But even apart from other considerations, we deem it inadvisable for this court to render a different decision from that which two United States Courts of Appeals have rendered with respect to this very incident. As the Third Circuit Court of Appeals said with respect to the *Day* decision in the Second Circuit, "there is a substantial interest in uniformity of decision in this area." This consideration is particularly appropriate in the present case for we deal here with a question of Federal law, the interpretation and application of a treaty of the United States. On such a question, we, as a State court, should pay the greatest respect and attention to the decisions of the two United States Courts of Appeals who have passed on this very incident. Indeed, it may well be, that these decisions, to which defendant was a party, constitute collateral estoppel in this case. (Cf. *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 70; *B. R. DeWitt, Inc. v Hall,* 19 NY2d 141; *Schuylkill v Nieberg Realty Corp.,* 250 NY 304, 306.) Concur—Lupiano, Silverman and Capozzoli, JJ.; Kupferman, J. P., and Nunez, J., concur in the following memorandum by Kupferman, J.: The able and convincing argument of counsel for the appellant has satisfied me that the proper interpretation of article 17 of the Warsaw Convention (which is also more in consonance with the interpretation of the framers) is that "embarking" signifies a time when the airline is in control of the situation. Here, the control was with the airport authorities with the airline participation only nominal, leading toward embarkment. However, I am constrained to vote for affirmation because it would be unseemly and in derogation of the principle of comity to differ with the determination made in *Day v Trans World Airlines* (528 F2d 31, cert den 429 US 890).