**TRAVELERS INDEMNITY COMPANY, Plaintiff,**

v.

**ALLIANCE SHIPPERS, INC., and Union Pacific Railroad Company, Defendants.**

No. C–86–0993 SC.

United States District Court, N.D. California.

Dec. 22, 1986.

Robert Fletcher, Fletcher & Parker, Santa Monica, Cal., for plaintiff.

Bennett, Samuelsen, Reynolds & Allard, John Cowperthwaite, John L. Fallat, Oakland, Cal., for defendant Alliance Shippers.

Joel S. Gray, Michael Whitcombe, Sacramento, Cal., for defendant Union Pacific.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiff Travelers Indemnity Co. ("Travelers") brings suit against defendants Alliance Shippers, Inc. ("Alliance") and Union Pacific Railroad Company ("Union Pacific") pursuant to 49 U.S.C. § 11707.

In January 1985, Nature's Farm Products ("Nature's Farm") informed Alliance that it wished to obtain Alliance's services in connection with the transportation of a shipment of canned mushrooms from Hayward, California to Des Moines, Iowa. Alliance quoted a rate for the transportation to which Nature's Farm agreed. At Alliance's request, D & D Transportation delivered a 40–foot trailer truck to Nature's Farm to pick up the mushroom shipment. D & D Transportation then delivered the shipment to Union Pacific. Union Pacific transported the mushroom shipment by rail to Omaha, Nebraska. From Omaha, Alliance arranged for Rail Flite, a trucking firm, to deliver the mushroom shipment to Monarch Foods in Des Moines, Iowa. Upon delivery to Monarch Foods, Monarch Foods rejected the shipment because the mushrooms were allegedly affected by freezing. Travelers insured the shipment of mushrooms against loss or damage in transit. Travelers paid Nature's Farm for the alleged losses suffered and subrogated its assured regarding claims against the carrier of the mushroom shipment and anyone else responsible for the shipment's alleged loss.

This matter is presently before the court on Alliance's motion for summary judgment and Travelers' counter-motion for a factual determination under Fed.R.Civ.P. 56(d). Alliance argues that it is not a "freight forwarder" or "common carrier" but rather a shipper's "broker" and "agent." Therefore, Alliance maintains Travelers cannot hold it liable pursuant to 49 U.S.C. § 11707. Alternatively, Travelers counter-motions that this court find that Alliance acted as a "freight forwarder" in connection with the mushroom shipment. Apparently, Travelers concedes that Alliance is not a common carrier. *See* Opposition to Summary Judgment and Counter-Motion, pp. 1–2.

Summary judgment is proper only when there is no genuine issue of material fact or when, viewing the evidence in the light most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir. 1985) Once a summary judgment motion is made and properly supported, the adverse party may not rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Myrtle Nell Catrett*, 477 U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

49 U.S.C. § 11707 authorizes a civil action for actual loss or damage to property caused by a "common carrier" or "freight forwarder." 49 U.S.C. § 11707. Plaintiff brings its complaint pursuant to 49 U.S.C. § 11707. Complaint. Plaintiff alleges that Alliance "acted as a freight forwarder ... from the time the [mushroom] shipment was picked up from Nature's Farm ... to its delivery to the consignee, Monarch Foods." Opposition to Summary Judgment and Counter-Motion, pp. 1–2.

■ 49 U.S.C. § 10102(9) defines a "freight forwarder" as

a person holding itself out to the general public ... to provide transportation of property for compensation *and in the ordinary course of business*—

(A) assembles and consolidates, or provides for assembling and consolidating, shipments *and* performs or provides for break-bulk and distribution operations of the shipments;

(B) assumes responsibility for the transportation from the place of receipt to the place of destination; and

(C) uses for any part of the transportation a carrier subject to the jurisdiction of the Interstate Commerce Commission under subchapter I, II, or III of chapter 105 of this title.

49 U.S.C. § 10102(9) (emphasis added). Each and every definitional element of "freight forwarder" must be present before the court can find a party a freight forwarder. *See Japan Line, LTD. v. United States*, 393 F.Supp. 131, 136 (N.D.Cal. 1975) (court dealt with almost identical definition of "freight forwarder" contained in 49 U.S.C. § 1002, *repealed by* Pub.L. 95–473, § 4(b), Oct. 17, 1978, 92 Stat. 1466).

■ In the present case, Alliance states that it does not engage in consolidating shipments and performing or providing break-bulk and distribution operations. Declaration of Steven Muir, ¶ 6; Supplemental Declaration of Jerry Janicek, ¶ 5. Alliance maintains that its business is limited to written and telephone communications for the procurement of transportation of fully loaded trailers on behalf of shippers. *Id.* Alliance does not hold a license from the Interstate Commerce Commission ("ICC") to act as a freight forwarder or common carrier. Supplemental Declaration of Jerry Janicek. ¶ 4. Alliance does hold a license from the ICC to act as broker. *Id.*, Ex. 1. Two to three months before this incident Alliance informed plaintiff's assured by letter that it "operated as a shippers agent." Declaration of Steven Muir, Ex. A.

Travelers argues that Alliance practices a form of consolidation in its business. Travelers concedes that "in this case Alliance was not assembling or consolidating less than carload shipments or taking advantage of a spread between carload and less than carload rates since the shipment

was loaded in one trailer carried on a flat car." Opposition to Summary Judgment and Counter-Motion, p. 13. Plaintiff maintains however that Alliance's practice of taking advantage of volume discounts on full carload shipments is functionally equivalent to taking advantage of the spread between carload and less than carload rates. *Id.*, pp. 13–14.

The court rejects Travelers' argument. 49 U.S.C. 10102(9) does not define the terms "assembles and consolidates." However, in *Chicago, Milwaukie, St. Paul and Pacific R. Co. v. Acme Fast Freight, Inc.*, 336 U.S. 465, 69 S.Ct. 692, 93 L.Ed. 817 (1949), the Supreme Court described the freight forwarder which merits the stricter standard of liability imposed by 49 U.S.C. § 11707. The Supreme Court found that:

> [t]his forwarder picked up the *less than carload shipment* at the shipper's place of business and engaged to deliver it safely at its ultimate destination. The freight forwarder charged a rate covering the entire transportation and made its profit *by consolidating the shipment with others in carload quantities to take advantage of the spread between carload L.C.L. rates.*

*Id.* at 484, 69 S.Ct. at 701 (emphasis added). Thus, "assembles and consolidates" means assembling or consolidating less than carload quantities into carload shipments. The terms do not refer to Alliance's practice of taking advantage of volume discounts by dealing with one particular carrier when arranging transportation for full carload shipments.

In any event, Travelers has failed to show that Alliance performed or provided for break-bulk and distribution operations. Furthermore, Travelers has not disputed Alliance's declarations stating that it does not perform or provide for break-bulk and distribution operations. *See* Supplemental Declaration of Jerry Janicek, ¶ 5; Declaration of Steven Muir, ¶ 6.

Since Alliance does not provide or perform one or more of the definitional elements of a "freight forwarder," the court finds that Alliance is not a freight forward-er pursuant to 49 U.S.C. § 10102(9). Therefore, the court denies Travelers' Rule 56(d) motion for a factual determination that Alliance acted in this case as a freight forwarder.

Because Alliance is not a freight forwarder, it is not subject to liability under 49 U.S.C. § 11707. Therefore, the court grants Alliance's motion for summary judgment.

Travelers argues that Alliance may still be liable under a negligence theory. The court finds Travelers' argument irrelevant. Travelers' complaint does not state a cause of action against Alliance for negligence. Furthermore, Travelers has not asked for leave to amend its complaint to state a cause of action for negligence against Alliance.

In accordance with the foregoing, it is hereby order that:

(1) Alliance's motion for summary judgment is granted; and,

(2) Travelers' motion for a Rule 56(d) determination is denied.