MITCHELL, SHACKLETON & CO., LTD., Plaintiff,

v.

AIR EXPRESS INTERNATIONAL, INC., B & J Traffic Inc. d/b/a National Co., Inc., Ho–Ro Trucking Co., Inc., Unique Truckers Riggers and Millwrights, Inc., Container Systems Corporation and Cargo Packers, Inc., Defendants.

AIR EXPRESS INTERNATIONAL CORP., Third–Party Plaintiff,

v.

TRIANGLE AVIATION SERVICES, INC., Third–Party Defendant.

No. 87 CIV. 2099 (SWK).

United States District Court, S.D. New York.

Feb. 1, 1989.

Dougherty, Ryan, Mahoney, Pellergrino, Giuffra & Zambito by John J. Hession, New York City, for third-party plaintiff.

Gallagher & Gosseen by Peter F. Vetro, Mineola, N.Y., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This is an action based on the Warsaw Convention, 49 Stat. 3000, *et seq.* (1934), to which the United States is a party. Presently before this Court is the motion of third-party defendant Triangle Aviation Services, Inc.'s ("Triangle") for summary judgment pursuant to Fed.R.Civ.P. 56.

### Background

Plaintiff in this action, Mitchell, Shackleton & Co., Ltd., owned a crankshaft that it sought to transport to New York. Plaintiff contracted with defendant Air Express International, Inc. ("AEI"), the carrier, to fly the crankshaft from London, England to Jamaica, New York. The carrier, AEI, issued an air waybill to plaintiff, the shipper, on March 28, 1985.

Movant Triangle, the third party defendant, is a ground handler at John F. Kennedy International Airport. Triangle is an independent contractor and is the agent of AEI, the principal who is engaged in international air carriage. Triangle is not a carrier and therefore no second air waybill was issued to govern Triangle's handling of the goods. Triangle contracted with AEI to off-load the crankshaft at the airport. The crankshaft arrived on March 31, 1985 and while being off-loaded by Triangle, it fell to the tarmac and was damaged. Plaintiff filed suit against AEI on March 30, 1987, one day shy of the two-year period within which an action must be brought under article 29 of the Warsaw Convention. AEI was not served until after this two-year period. AEI promptly filed its third-party complaint against Triangle within thirty days of being served with the complaint in the main action.

### Discussion

The Warsaw Convention governs "all international transportation of persons, baggage or goods performed by aircraft" and it provides in relevant part that an action under it must be brought within two years of the "date of arrival at the destination." [1] Warsaw Convention, arts. 1, 29, 49 Stat. 3014–15, 3021. Both sides agree that the main action is governed by the Warsaw Convention. The issue raised here is whether the two-year limitation of the Convention also governs an action by a carrier for indemnification against its agent, an independent contractor, when the agent is not a carrier. As AEI states, this appears to be a novel issue.

A suit initiated by a passenger or shipper in an international transportation against an agent or servant of a carrier is governed by the Convention. *Reed v. Wiser*, 555 F.2d 1079 (2d Cir.1977), *cert. denied*, 434 U.S. 922, 98 S.Ct. 399, 54 L.Ed.2d 279 (1977) (suit by a passenger against an airline employee is governed by the Convention's liability limit); [2] *Baker v. Lansdell Protective Agency, Inc.*, 590 F.Supp. 165 (S.D.N.Y.1984) (suit by a passenger against a pre-board security screening agency employed by an airline is governed by the Convention's liability limit); *Julius Young Jewelry Manufacturing Co., Inc. v. Delta Air Lines*, 67 A.D.2d 148, 414 N.Y.S.2d 528 (1st Dept.1979) (suit by a passenger against a ground baggage handler employed by an airline is governed by the Convention's liability limit).

Triangle argues that the third-party action between it and AEI is governed by the Convention and that it is entitled to the defense provided by the two-year limitation

---

1. According to the Convention:
   (1) The right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.
   (2) The method of calculating the period of limitation shall be determined by the law of the court to which the case is submitted.

Warsaw Convention, art. 29, 49 Stat. 3021.

2. On appeal, the *Reed* Court considered whether employees of an airline can avail themselves to the Convention's liability limit when they themselves are sued by passengers. The question whether employees can be sued at all by passengers was not raised before the court.

period of Article 29. Most courts have held that the two-year limitation within which a party must bring suit under the Convention is a condition precedent, rather than a statute of limitation subject to tolling. *Split End Ltd. v. Dimerco Express, Inc.*, 19 Av.Cas. (CCH) 18, 364 (S.D.N.Y.1986) [1986 WL 2199]; *H.S. Strygler & Co. v. Pan American Airlines, Inc.*, 19 Av.Cas. (CCH) 17,280 (S.D.N.Y.1985); *Kahn v. Trans World Airlines, Inc.*, 82 A.D.2d 696, 443 N.Y.S.2d 79 (2d Dept.1981).[3] However, this Court has not been provided, and has not found, compelling support for the proposition that a suit initiated by a carrier itself against its non-carrier agent is governed by the Convention.

In *Split End*, the plaintiff/shipper brought an action against a freight forwarder and export consolidator for damaged cargo. The freight forwarder then brought a third-party action for contribution and indemnification against the airline that actually transported the cargo and the airline's agent in connection with the airline's cargo operations at the destination airport. This Court held in *Split End* that the two-year period is a "condition precedent—an absolute bar—to bringing suit, including third-party actions for contribution and indemnity...." 19 Av.Cas. at 18,-368. The *Split End* court based its conclusion in part on the fact that "the Convention's legislative history reveals the delegates' outright rejection of a provision that would have incorporated the tolling provisions of the forum's statute of limitations, and their substitution instead of an absolute bar of actions after the two-year limitation period had run." *Id.* at 18,368 (citing R.C. Horner and D. Legrez, Minutes of the Second International Conference on Private Aeronautical Law at 110–13). *See also Data General Corp. v. Air Express International*, 676 F.Supp. 538 (S.D.N.Y. 1988) (third-party action against airline for indemnification is subject to the two-year condition precedent).

Unlike these cases, however, third-party defendant Triangle is not an air carrier, but a ground handler. Instead, the third-party plaintiff is the carrier. At issue here is whether the two-year limitation of the Convention governs an action by the air carrier for indemnification from its handler. This Court must decide if the Convention's condition precedent to jurisdiction in Article 29 exists not only to limit the liability of carriers and their agents in suits by passengers and those shipping goods, but also to limit the liability of non-carrier agents in actions brought by carriers.

The preamble to the Convention states that the Convention sought to uniformly regulate "the conditions of international transportation by air in respect of the documents used for such transportation and of the liability of the carrier." 49 Stat. 3014. The "Convention is a major multilateral agreement governing certain aspects of the rights and responsibilities of passengers, shippers, and carriers involved in international air transportation." *Kahn v. Trans World Airlines, Inc.*, 82 A.D.2d 696, 698, 443 N.Y.S.2d 79, 81 (2d Dept.1981); *see also Rosman v. Trans World Airlines*, 34 N.Y.2d 385, 358 N.Y.S.2d 97, 314 N.E.2d 848 (1974). According to the *Rosman* court, "[t]he primary objectives of the Convention are to establish uniform rules of documentation in air transportation (tickets, baggage checks and waybills) and to limit the liability of the air carriers in case of accident". 358 N.Y.S.2d at 101, 314 N.E.2d at 851 (citation omitted).

In actions against carriers' agents, courts also have applied the Convention's limitations in order to prevent a plaintiff from circumventing the Convention's liability limit by suing a carrier's agents or servants. The Second Circuit has explained:

> If this method of circumventing the Convention's liability limitation [by suing an employee of an airline] is accepted, not only will the purpose of defining the

---

**3.** Only two federal district court cases have decided otherwise and they have not been followed. *Flanagan v. McDonnell Douglas*, 428 F.Supp. 770 (C.D.Cal 1977); *Joseph v. Syrian Arab Airlines*, 88 F.R.D. 530 (S.D.N.Y.1980).

Neither case cited the minutes of the Convention from which later cases found the Convention's intent to absolutely deny recovery unless an action is brought within the two-year period.

limits of the carrier's obligations be circumvented, but in the process the Convention's most fundamental objective of providing a uniform system of liability and litigation rules for international air disasters will be abandoned as well.

*Reed, supra,* 555 F.2d at 1092; *see also Baker, supra,* 590 F.Supp. 165; *Julius Young Jewelry Manufacturing, supra,* 414 N.Y.S.2d 528. As noted, the plain word of the Convention sought uniformity with respect to the liability of carriers. Warsaw Convention, Preamble, 49 Stat. 3014. An indemnification action by a carrier against its agent—a ground handler that is not itself a carrier—would not directly undermine the Conventions's goal of uniform treatment of carrier liability.

A close look at *Reed, Data General Corp., Split End,* and similar cases reveals that the courts primarily have been concerned with preventing shippers and passengers from circumventing the Convention's liability limit and its two-year time limit. A second concern has been the confusion that would result if plaintiffs were allowed to recover against carriers under different local substantive and procedural rules. Such concerns are not compelling here. Plaintiff and defendant agree that the Convention applies to the main action. AEI, the carrier and third party-plaintiff, is merely suing for indemnification to recover on its liability, if any, in the main action. This third-party action is distinguishable from that in *Split End,* to which the Convention applied. In *Split End,* the third party action was initiated by a freight forwarder against the carrier and its ground operations agent. In furtherance of the objectives of the Convention, this Court ruled in *Split End* that an action against a carrier must be dismissed if it is filed after the two-year limit. 19 Av.Cas. at 18,369.

In contrast, this is an indemnification suit by a carrier against its non-carrier agent. The plaintiff in the original action, to which the Convention applies, cannot circumvent the Convention to either collect more than its limit or defeat the two-year limitation period. This Court interprets the

Convention's purposes as the limitation of carrier liability and the promotion of uniformity in regard to actions against carriers. *See, e.g., Reed, supra,* 555 F.2d 1079; *Split End, supra,* 19 Av.Cas. 18,364. The Convention's limitation on carrier liability would not be circumvented if the Convention is not applied to this indemnification action. Instead, the upper limit of the third-party defendant's liability in this indemnity action is the Convention's liability limitation that applies to the main action. By allowing this indemnification action to proceed, this Court ensures that the carrier's liability will be appropriately limited, within the liability parameters of the Convention, by its actual fault, if any.

The issue presently before this Court was also considered by the Ontario High Court of Justice. *Connaught Laboratories Ltd. v. Air Canada,* 15 Av.Cas. (CCH) 17,795 (Ontario High Court of Justice 1978). The main action in *Connaught* was brought within the two-year period, but the defendant Air Canada brought a third-party action for indemnification against another air carrier after the two-year time limit. The Canadian court found that all the Articles in Chapter III of the Convention, which is entitled "Liability of the Carrier", "relate to the liability of carriers for damages suffered through the death, wounding or other bodily injury to a passenger and for damages sustained by the destruction or loss of or damage to baggage and cargo." 15 Av.Cas. at 17,708. It further reasoned that because "none of the Articles in the Chapter [III] regulate or purport to regulate claims of carriers one against the other," the Convention regulates only the claims of a passenger, shipper, or consignee against the air carrier, and not claims between carriers. 15 Av.Cas. at 17,708–09. Although the *Connaught* case has little, if any, precedential value, this Court finds its analysis of the language of Chapter III of the Convention persuasive so far as it supports the narrow holding of this Court. This Court rejects the broader holding of the Canadian court,[4] but finds here that the

---

**4.** The broader *Connaught* holding conflicts with

*Split End,* which held that the Convention ap-

Convention's two-year liability limitation does not apply to a third-party action for indemnity brought by a carrier against its non-carrier agent.

### Conclusion

For the aforementioned reasons, third-party defendant Triangle's motion for summary judgment is denied.

SO ORDERED.

plied to indemnity actions by a non-carrier agent against the actual carrier.