**SABENA BELGIAN WORLD AIRLINES, Plaintiff,**

v.

**UNITED AIRLINES, INC., Defendant.**

**No. 91 C 789.**

United States District Court, N.D. Illinois, E.D.

Aug. 26, 1991.

Bruce C. Spitzer, Gorham, Metge, Bowman & Hourigan, Thomas L. Hogan, Hogan & Hogan, Ltd., Chicago, Ill., for plaintiff.

Edward J. Leahy, Charles M. Fraenkel, Leahy, Eisenberg & Fraenkel, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

In this diversity action, plaintiff Sabena Belgian World Airlines ("Sabena") sues defendant United Airlines, Inc. ("United") for breach of contract and implied indemnification. Pursuant to Fed.R.Civ.P. 12(b)(6), United moves to dismiss the amended complaint on the grounds that (1) Sabena's claims are time-barred; (2) Sabena's claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707; and (3) the amended complaint fails to state a claim for relief. United also moves to strike a portion of Sabena's prayer for relief.

## BACKGROUND

On a motion to dismiss, the court accepts as true all the well-pleaded factual allegations in the amended complaint and views those allegations in the light most favorable to the plaintiff. *Gillman v. Burlington Northern R. Co.*, 878 F.2d 1020, 1022 (7th Cir.1989). Sabena is a Belgium corporation with its principal place of business in Brussels, Belgium. Amended Complaint, Count I, ¶ 1. United is a Delaware corporation with its principal place of business in Illinois. *Id.* ¶ 2. On October 12, 1982, Sabena and United entered into an Airport Ground Services Agreement ("the contract"). *Id.* ¶ 4. Under the contract, United agreed to act as Sabena's agent in processing and handling all of Sabena's airfreight that was shipped to or passing through New York, New York. *Id.* ¶¶ 4, 5. Before allowing a person to pick up a shipment, United was required to demand and inspect proper identification and documentation from the claimant. *Id.* ¶ 8. Sabena agreed to indemnify United for any claim or liability resulting from United's cargo handling services, unless the claim or liability was caused by United's gross negligence or willful misconduct. *See* Contract ¶ 9, attached as Ex. A to Amended Complaint.

Sabena claims that on three separate occasions in 1984, United received shipments of goods from Sabena and improperly delivered these shipments to unauthorized claimants without demanding the required documentation or identification. *Id.* ¶¶ 6, 9. As a result, the owners of the three shipments sued Sabena in a German court and obtained a judgment for $171,404.10, an

amount equal to the full value of the three shipments, plus prejudgment interest and litigation costs. *Id.* ¶¶ 13–14. Having paid this judgment, Sabena seeks reimbursement from United for its alleged gross negligence and willful misconduct in handling the three shipments. *Id.* ¶¶ 15–17. Count I alleges that United breached the contract by mishandling the shipments. Count II states a claim for implied indemnification.

## DISCUSSION

Generally, the federal system of notice pleading does not favor dismissal for failure to state a claim. *Gray v. Dane County,* 854 F.2d 179, 182 (7th Cir.1988). However, dismissal is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to the relief requested. *Illinois Health Care Ass'n v. Illinois Dep't of Public Health,* 879 F.2d 286, 288 (7th Cir.1989), citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The defendant bears the burden of establishing the legal insufficiency of the complaint. *Yeksigian v. Nappi,* 900 F.2d 101, 104–05 (7th Cir.1990).

### I. Warsaw Convention

United asserts that Sabena's claims are barred by the two-year limitation period set forth in Article 29 of the Warsaw Convention, 49 U.S.C.App. § 1502 note. The Warsaw Convention governs "all international transportation of persons, baggage, or goods performed by aircraft for hire." *Id.,* Article 1(1). Article 29(1) of the Warsaw Convention states:

> The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

Sabena filed this action against United on February 6, 1991. The alleged mishandling of cargo occurred in 1984. *See* Amended Complaint, Count I, ¶ 6. The German court judgment against Sabena was entered on July 29, 1988. *Id.* ¶¶ 13–16. Using either the date the cargo was allegedly mishandled or the date of the German court judgment as the critical date, the two-year limitation period of the Warsaw Convention would bar Sabena's action against United.

■ Sabena disputes the applicability of the Warsaw Convention's limitation period to its claims: The parties agree that the terms of the Warsaw Convention apply to ground handling of baggage, as well as actual air transportation. *Magnus Electronics, Inc. v. Royal Bank of Canada,* 611 F.Supp. 436, 439–40 (N.D.Ill.1985). In addition, it is clear that the Warsaw Convention applies to claims by a passenger or shipper against an agent or employee of an air carrier. *Mitchell, Shackleton & Co. v. Air Express Intern'l,* 704 F.Supp. 524, 525 (S.D.N.Y.1989), citing *Reed v. Wiser,* 555 F.2d 1079 (2d Cir.), *cert. denied,* 434 U.S. 922, 98 S.Ct. 399, 54 L.Ed.2d 279 (1977); *Baker v. Lansdell Protective Agency, Inc.,* 590 F.Supp. 165 (S.D.N.Y.1984); *Julius Young Jewelry Mfg. Co., Inc. v. Delta Air Lines,* 67 A.D.2d 148, 414 N.Y.S.2d 528 (1979).

■ Sabena concedes the validity of these cases, and acknowledges that the Warsaw Convention applied to the original action in the German court in which Sabena was held accountable for the mishandled cargo ("the main action"). However, Sabena contests the applicability of the Warsaw Convention to the present action against United because Sabena is not a passenger or shipper suing to recover for lost or stolen cargo. Instead, Sabena is an air carrier, suing its agent, United, for reimbursement due to United's alleged gross negligence in mishandling cargo belonging to passengers or shippers. Thus, the court must determine whether the Warsaw Convention's two-year limitation period governs actions in which an air carrier sues its ground handler seeking reimbursement for money the air carrier paid to passengers or shippers due to the ground handler's alleged negligence.

This issue was squarely addressed in *Mitchell,* 704 F.Supp. at 525–28. In *Mitchell,* the plaintiff used an air carrier to ship

machinery from London, England to Jamaica, New York. Upon its arrival in New York, the machine was damaged while being off-loaded by the air carrier's agent. The plaintiff sued the air carrier and the air carrier filed a third-party action against its agent, the ground handler. As in the present case, the *Mitchell* court recognized that the Warsaw Convention applied to the main action between the plaintiff and the air carrier. However, after reviewing the relevant case law and the policies underlying the Warsaw Convention's two-year limitation period, the *Mitchell* court determined that the limitation period did not apply to a carrier's third-party action for indemnity against its non-carrier agent. *Id.* The *Mitchell* court explained that in ordinary actions by a passenger or shipper against an air carrier's agent, courts apply the Warsaw Convention's liability limitations "to prevent a plaintiff from circumventing the Convention's liability limit by suing a carrier's agents or servants," instead of the air carrier directly. *Id.* at 526–27. The *Mitchell* court noted a second reason for applying the Warsaw Convention to claims against an air carrier's agent: to ensure that the same local substantive and procedural rules apply to claims against carriers and their agents. *Id.* at 527. As the *Mitchell* court explained, these two considerations are not compelling in an indemnification action by a carrier against its non-carrier agent:

> The plaintiff in the original action, to which the Convention applies, cannot circumvent the Convention to either collect more than its limit or defeat the two-year limitation period. . . . The Convention's limitation on carrier liability in this indemnity action is the Convention's liability limitation that applies to the main action. By allowing this indemnification action to proceed, this court ensures that the carrier's liability will be appropriately limited, within the liability parameters of the Convention, by its actual fault, if any.

*Id.* The *Mitchell* court also cited with approval a decision by the Ontario High Court of Justice rejecting the applicability of the two-year limitation period to an air carrier's third-party indemnity action against another air carrier. *Connaught Laboratories Ltd. v. Air Canada*, 15 AV. Cas. (CCH) 17,705 (Ontario High Court of Justice 1978). The *Connaught* court reasoned that "[n]one of the Articles in the [Warsaw Convention's provisions on liability] regulate or purport to regulate claims of carriers one against the other." Thus, the *Connaught* court concluded that the two-year period of limitations did not apply to claims between air carriers. *Id.* at 17,708–09.

The sound reasoning of *Mitchell* and *Connaught* applies to the present case. Like the air carriers in *Mitchell* and *Connaught*, Sabena brings a secondary action against its agent, United, to recover for United's role in the alleged mishandling of cargo belonging to shippers or passengers. While the Warsaw Convention's limitations unquestionably applied to the main action against Sabena, the policies underlying the two-year bar would not be served by applying the limitation period to Sabena's action for reimbursement. Accordingly, Sabena's amended complaint is not barred by the Warsaw Convention's two-year limitation period.

## II.  The Carmack Amendment

■ As an alternative theory of dismissal, United contends that Sabena's action is preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707. Section 11707(a)(1) authorizes a civil action for actual loss or damage to property caused by a "common carrier" or "freight forwarder." *Id.; Travelers Indemnity Co. v. Alliance Shippers, Inc.*, 654 F.Supp. 840, 841 (N.D.Cal.1986). United attempts to persuade the court that it was acting as a "freight forwarder" in carrying out its contractual duties to Sabena as a cargo handler. The term "freight forwarder" is defined as:

> a person holding itself out to the general public . . . to provide transportation of property for compensation and in the ordinary course of its business—
>
> (A) assembles and consolidates, or provides for assembling and consolidating,

shipments and performs or provides for break-bulk and distribution operations of the shipments;

  (B) assumes responsibility for the transportation from the place of receipt to the place of destination; and

  (C) uses for any part of the transportation a carrier subject to the jurisdiction of the Interstate Commerce Commission under subchapter I [concerning rail, rail-water, express and pipe line carrier transportation], II [concerning motor carrier transportation], or III [concerning water carrier transportation] of chapter 105 of this title.

49 U.S.C. § 10102(9). Each and every definitional element must be present before the court may find that a party is a freight forwarder. *Travelers*, 654 F.Supp. at 841. Without delving into the intricacies of the definitional requirements, the court observes that United has failed to demonstrate that it satisfies subsection (C) of 49 U.S.C. § 10102(9). There is no indication that United used a carrier subject to the jurisdiction of the Interstate Commerce Commission in performing its contractual duties to Sabena as cargo handler. United implicitly concedes this point by arguing that as a freight forwarder, it need not be subject to the jurisdiction of the Interstate Commerce Commission. *See* United's Reply at 7.[1] However, section 10102(9) specifically sets forth this requirement. Because United has not shown that it was acting as a freight forwarder, the Carmack Amendment does not preempt Sabena's claims.

### III. New York's Statute of Limitations

As a further alternative to its Warsaw Convention and Carmack Amendment arguments, United asserts that Sabena's claims are barred by New York's statute of limitations. The identical argument was addressed and rejected in this court's memorandum opinion and order regarding Sabena's motion for reconsideration. *See* June 6, 1991 Mem.Op. and Order at 3 n. 1. The court shall not revisit the issue on this motion.

### IV. Motion to Dismiss for Failure to State a Claim

United contends that Counts I and II of the amended complaint must be dismissed for failure to state a claim.

#### A. *Count I—Breach of Contract*

Although Count I clearly alleges a breach of contract claim, United argues that Count I is actually an indemnity claim based on the terms of the contract. Since there is no express provision in the contract that grants Sabena a right of indemnification against United, United argues that Count I fails to state a claim for relief. As with United's argument concerning New York's statute of limitations, the court has previously considered and rejected United's position regarding Count I:

> According to United, Sabena may not recover against United because the contract does not set forth a corresponding indemnification obligation on United's part to indemnify Sabena for United's willful misconduct or gross negligence. This argument lacks merit. Count I asserts a cause of action against United for breach of its contractual duties, not for indemnification. Thus, Sabena may recover against United if United's conduct amounted to willful misconduct or gross negligence.

Id. at 5–6 (citation omitted). United's attempt to relitigate this issue is unpersuasive and inappropriate. The motion to dismiss Count I for failure to state a claim is denied.

#### B. *Count II—Implied Indemnity*

In Count II, Sabena sues United under a theory of implied indemnity arising out of United's alleged willful misconduct and gross negligence in handling baggage as Sabena's agent.

United observes that the Illinois Supreme Court has abolished implied indemnity actions based on "active/passive negligence." *Frazer v. A.F. Munsterman, Inc.*, 123

---

**1.** In both briefs submitted to this court, United failed to number the pages. The court's citation is to the seventh page of United's reply brief.

Ill.2d 245, 123 Ill.Dec. 473, 479, 527 N.E.2d 1248, 1254 (1988); *Allison v. Shell Oil Co.,* 113 Ill.2d 26, 99 Ill.Dec. 115, 495 N.E.2d 496 (1986).[2] The term "active/passive negligence" refers to situations where the conduct of one tortfeasor was considered to be the primary, or "active" cause of damage to the plaintiff, and the conduct of the other tortfeasor was considered to be a secondary, or "passive" cause of damage. *Frazer,* 123 Ill.Dec. at 477, 527 N.E.2d at 1252. Under the doctrine of active/passive negligence, the passively negligent party was permitted to shift the entire burden of the plaintiff's loss to the actively negligent tortfeasor. *Id.* In *Allison,* the Illinois Supreme Court determined that this doctrine was no longer appropriate in light of the passage of the Illinois Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat. ch. 70, par. 301 *et seq.,* which adopted a form of pure comparative negligence and provided for a right of contribution among joint tortfeasors. *Id.,* 123 Ill.Dec. at 479, 527 N.E.2d at 1254, citing *Allison,* 99 Ill.Dec. at 120, 495 N.E.2d at 501.

■ Although active/passive implied indemnity has been abolished in Illinois, implied indemnity continues to be a viable cause of action where one party has been held vicariously liable for the conduct of another, as in the case of an employer being held for the act of an employee. *Frazer,* 123 Ill.Dec. at 479, 527 N.E.2d at 1254. *See also Diamond v. General Telephone Co.,* 211 Ill.App.3d 37, 155 Ill.Dec. 652, 659, 569 N.E.2d 1263, 1268 (1991) ("[c]laims for implied indemnification premised on underlying actions regarding ... vicarious liability and express contractual obligations were excepted from *Allison*'s abolition of active-passive indemnity"). According to the Illinois Supreme Court:

> "Implied indemnity" is based on principles of restitution: "a contract implied in law arising from the legal obligation of an indemnitee to satisfy liability caused by actions of his indemnitor." [citations]. *The fundamental premise for the cause of action is that the indemnitee, although without fault in fact, has*
> *been subjected to liability solely because of the legal relationship with the plaintiff or a nondelegable duty arising out of common or statutory law.* [citation].

*Frazer,* 123 Ill.Dec. at 476–77, 527 N.E.2d at 1251–52 (emphasis added). In the present action, Sabena has sufficiently alleged a claim for implied indemnity against its agent, United. The amended complaint alleges that as a result of United's gross negligence or willful misconduct, Sabena was forced to satisfy shippers' claims for the lost cargo. According to the allegations in the amended complaint, United's misconduct was the sole cause of the loss of property. Viewing all reasonable inferences in favor of Sabena, the amended complaint does not indicate that Sabena contributed in any way to the loss of cargo. Under these circumstances, the abolition of active/passive indemnification has no bearing on Sabena's claim for implied indemnity. Sabena has sufficiently alleged a claim against United for implied indemnification based on United's status as Sabena's agent in handling Sabena's cargo.

## V. Motion to Strike Request for Litigation Expenses

■ In Counts I and II, Sabena seeks to recover expenses (including attorneys' fees) that Sabena incurred in defending the main action brought against it in the German court. United contends that it is not liable for Sabena's litigation expenses in defending the main action. Endorsement No. 2(G) of the contract between Sabena and United provides:

> [United] will not be responsible for settlement of claims against [Sabena] for damages to, loss, or delay of [Sabena]'s air cargo shipments. [Sabena] shall handle and make final disposition, at its own expense, of all such claims as may be submitted by its customers through [United] on [Sabena]'s form, including, without limitation, any investigation of such claims as may be required.

This provision allocates to Sabena the task of handling and settling all claims for loss

---

**2.** The parties agree that Illinois law governs the substantive issues in this action.

or damage to Sabena's cargo shipments. On its face, Endorsement No. 2(G) absolves United of responsibility for litigation expenses. Accordingly, United's motion to strike Sabena's request for expenses incurred in defending the main action in the German court is granted.

## CONCLUSION

United's motion to dismiss the amended complaint is denied. United is directed to answer the amended complaint by September 10, 1991. United's motion to strike Sabena's request to recover German litigation expenses is granted.