**MOTOROLA, INC., Plaintiff,**

v.

**KUEHNE & NAGEL, INC. and Federal Express Corporation, Defendants.**

**No. 99 C 8438.**

United States District Court, N.D. Illinois, Eastern Division.

July 3, 2002.

Robert Reeb, Julia A. Martin, Marwedel, Minichello & Reeb, Chicago, IL, for Kuehne & Nagel.

Derek Y. Brandt, Kaplan, Begy & Von Ohlen, Chicago, IL, for Federal Express.

### MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court are the cross-motions of defendants Federal Express Corporation ("FedEx") and Kuehne & Nagel Inc. ("K & N") for summary judgment on the issue of K & N's entitlement to attorney's fees.

### I. BACKGROUND

The case that gave rise to this litigation over attorney's fees was a suit to recover for damages to two shipments of equipment for a cellular infrastructure base station. FedEx handled the two shipments in question, which went from Dallas, Texas, to Osaka, Japan, on December 29, 1997, and January 28, 1998. Shipment was arranged by K & N, a freight forwarder, pursuant to standardized waybills, which notified the customer, Motorola, of the applicability of the Warsaw Convention. The first shipment was made up of seventeen packages of which three—weighing 729, 644, and 737 kilograms—were damaged. One package from the second shipment, weighing 640 kilograms, was also damaged. FedEx and K & N moved for summary judgment on the issue of damages and the court ruled that the Warsaw Convention limited liability to $55,000. K & N now seeks to recover its attorney's fees— over $22,000—from FedEx under its cross-claim for indemnification.[1]

### II. ANALYSIS

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To ward off summary judgment by showing that there is a genuine dispute on a material fact, the non-moving party must do more than raise a "metaphysical doubt" as to the fact's existence. *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1139 (7th Cir.1997). The non-moving party cannot merely allege the existence of a factual dispute. *McPhaul v. Board of Com'rs of Madison County*, 226 F.3d 558, 563 (7th Cir.2000). That party must supply evidence sufficient to allow a jury to render a verdict in their favor. *Id.* In this case, however, evidence and facts are of little consequence.

The parties agree that K & N, as freight forwarder, did not physically handle the shipments at issue. All of the damage occurred while the cargo was in the custody and control of FedEx or it agents. The parties also agree, and this court has previously ruled, that the Warsaw Convention governs this matter. *Motorola, Inc. v. Kuehne & Nagel, Inc.*, 171 F.Supp.2d 799 (N.D.Ill.2001). The dispute, then is whether K & N can establish an entitlement to attorney's fees under a theory of indemnity, in a case in which the Warsaw Convention's Article 22 liability limitation is applicable. Through six separate memoranda of law, the parties struggle mightily over this issue with little in the way of convincing argument. Certainly, the dearth of case law on the subject is at least partly responsible. According to FedEx, K & N cannot establish entitlement to attorney's fees because FedEx has already paid to Motorola an amount equal to the liability

---

1. Although K & N's cross-claim was for full indemnification, only attorney's fees are at issue here. FedEx has satisfied the liability portion of this case by payment to Motorola.

limit in this case. Beyond that, FedEx also points out that K & N filed its cross-claim after the expiration of the Warsaw Convention's two-year statute of limitations, as provided by Article 29.

The Warsaw Convention was drafted at international conferences in Paris in 1925, and in Warsaw in 1929; more than 120 nations now adhere to it. *Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 246, 104 S.Ct. 1776, 1780, 80 L.Ed.2d 273 (1984). The United States became a signatory in 1934. *Id.* The Convention created internationally uniform rules governing the air carriage of passengers, baggage, and cargo. *Id.* The Convention's first and most obvious purpose was to set some limit on a carrier's liability for lost cargo. The Convention's second objective was to set a stable, predictable, and internationally uniform limit that would encourage the growth of a fledgling industry. *Trans World Airlines*, 466 U.S. at 256, 104 S.Ct. at 1784. Under Article 18, carriers are presumptively liable for the loss of cargo:

> (1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.

Article 22 sets the limit on carrier liability, based on the weight of the goods transported, which in this case was $55,000. There is no provision in the Warsaw Convention for attorney's fees or indemnification, but under Article 24, "any action for damages, however founded, can only be brought subject to the conditions and limitations set out in this convention."

K & N, then, faces an uphill battle in its claim for attorney's fees. First, it is undisputed that FedEx has already met its carrier liability limitation. If the Warsaw Convention were interpreted to allow for a claim for attorney's fees based on indemnification, such fees would be considered an element of damages. As such, it would be subject to the Warsaw Convention's liability limitation. While there are no cases on point, the Seventh Circuit has addressed this issue in the context of prejudgment interest in *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*, 855 F.2d 385 (7th Cir.1988).[2] There, the court held that, *"as part of a damage award,* prejudgment interest was subject to the conditions and limits imposed under Article 24(1) of the Convention," calling the limit a "global damage limitation figure." 855 F.2d at 392. There is nothing to suggest that attorney's fees are not to be considered a part of this figure.[3]

**2.** K & N often relies on Second Circuit law in its memoranda in this matter. In this regard, we note that the Seventh Circuit's holding was informed by the decision in *O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842 (2nd Cir.1984). There, the court stressed that the Warsaw Convention's pre-eminent purpose was to fix definite and uniform limits on airline liability. 730 F.2d at 853.

**3.** Although it is not expressly applicable to the instant case, we note that the history behind the damage limitation applicable to personal injury under the Warsaw Convention indicates that *it is inclusive* of attorney's fees. At the 1955 conference at The Hague, the United

States had made known that it was interested in more substantial recoveries for the injured parties or their survivors, since attorneys' fees and court costs reduced the amount actually received by the plaintiff. A. Lowenfeld & A. Mendelsohn, The United States and the Warsaw Convention, 80 Harv.L.Rev. 497, 507 (1967). Accordingly, the United States proposed that Article 22 of the Warsaw Convention be amended to allow the award of litigation expenses, including attorneys' fees, in addition to the primary award. Article 22(4) of the Warsaw Convention was eventually amended to reflect the proposal, although there was opposition because the provision was regarded as unnecessary—"[n]o one out-

Second, Article 24 certainly seems to indicate that the Warsaw Convention's two-year statute of limitations would apply to K & N's claim. Article 29(1) provides:

The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of the arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.

In the instant case, the shipments arrived between December 31, 1997, and February 2, 1998. Accordingly, the limitations period expired on January 3, 2000. Motorola filed suit against both K & N and FedEx on December 28, 1999, but K & N was not served until February 8, 2000. Application of the limitations period in such a circumstance would seem to be a harsh result. Although K & N was aware of the damage to the cargo in question no later than February 2, 1998, it is not clear from the

record what type of action might have been available to it to preserve its claim. Without full development of this question from the parties, we are unwilling to decide this matter on the basis of the Warsaw Convention's limitation period.[4] Instead, we will determine whether K & N is able to establish that it is entitled to attorney's fees under the circumstances found in the instant case.

K & N seeks to demonstrate its entitlement to attorney's fees by various avenues: the Warsaw Convention, federal common law, and the International Air Transport Association ("IATA") agreement. It begins by submitting that the Warsaw Convention allows for its cross claim for indemnity, including attorney's fees, relying on *Victoria Sales Corp. v. Emery Air Freight, Inc.*, 917 F.2d 705 (2nd Cir.1990). (*Defendant K & N's Memorandum of Law in Support of Its Motion for Summary Judgment ("K & N Mem.")*,

---

side the United States had previously thought that the Warsaw Convention prevented a charge on the defendant for the plaintiff's costs." *Id.* at 507–09. Because personal injury litigation in the United States was financed primarily by contingent fee arrangements, however, and courts simply did not award extra for legal costs, the provision did not have its desired effect. In order to leave a reasonable sum for the plaintiff after legal fees and court costs had been deducted, the limitation on liability had to be raised to allow for higher initial damage awards. *Id.* at 561–63. At the Montreal Conference, the attorney fees provision was eventually deleted, as a bargaining concession made to ensure a higher limitation on liability, the major goal of the conference. *Id.* at 550.

4. While the application of the period of limitations would appear to work a hardship in this matter, we do note that K & N's urgings against it are less than convincing. K & N advances three arguments against application of the limitation period: that its claim for indemnity should relate back to the filing of Motorola's complaint; that FedEx has waived the limitations period; and that it is inapplicable to indemnity claims between carriers.

(*K & N's Response to FedEx's Motion for Summary Judgment*, at 13–17). The first two—relation back and waiver—are inapplicable in a Warsaw Convention context. The time limitation in Article 29 is best termed a condition precedent to suit, a kind of limitation that is often deemed not subject to tolling or waiver. *Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1154 (8th Cir.1999); *Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143 (2nd Cir.1998); *Fireman's Fund Ins. Co. v. Panalpina, Inc.*, No. 00 C 2595 2001 WL 59037, *2 (N.D.Ill Jan. 19, 2001); *Kadir v. Singapore Airlines*, No. 98 C 4710, 1999 WL 261932, at *3 (N.D.Ill. Apr.16, 1999); *Magnus Elecs., Inc. v. Royal Bank of Canada*, 611 F.Supp. 436, 443 (N.D.Ill.1985). The last provides only partial relief for K & N, based as it is on *Sabena Belgian World Airlines v. United Airlines, Inc.*, 773 F.Supp. 1117 (N.D.Ill.1991). There, the court followed the ruling in *Mitchell, Shackleton & Co. v. Air Express Intern.*, 704 F.Supp. 524 (S.D.N.Y.1989), which held that while the limitations period did not apply, the liability limitation did. *Sabena*, 773 F.Supp. at 1120.

at 7–9). In *Victoria Sales,* however, the goods were damaged at a warehouse outside Kennedy Airport, and the court noted that the plain language of the Warsaw Convention drew the line of its coverage at the airport border. 917 F.2d at 707. Accordingly, the court held that the Warsaw Convention did not govern the case, overruling the district court's conclusion on that issue. 917 F.2d at 708. Instead, it found the district court's award of attorneys fees sustainable under common law principles of indemnification. *Id.* The ruling is not helpful here, however, where the Warsaw Convention applies.

Perhaps realizing as much, K & N retreats to the language of the *Victoria Sales* district court's ruling. (*K & N's Response to FedEx's Motion for Summary Judgment,* at 4–5). The lower court *did* find that the Warsaw Convention governed the case, its discussion of indemnification and attorney's fees was limited:

> Article 22 limits a carrier's liability to a specific sum based upon the weight of the damages or lost goods. While pursuant to Article 30 of the Convention, carriers may be jointly and severally responsible for a loss, the Convention is silent on the apportionment of damages between carriers responsible for a loss. Courts have, however, recognized the availability of claims for contribution and/or indemnity in cases otherwise governed by the Convention. *See e.g., Orlove v. Philippine Air Lines, Inc.,* 257 F.2d 384, 387–388 (2nd Cir.), *cert. denied,* 358 U.S. 909, 79 S.Ct. 230, 235, 3 L.Ed.2d 230 (1958); *Split End Ltd. v. Dimerco Express (Phils) Inc.,* 1986 WL 2199, 19 Av.Cas. (CCH) ¶ 18,364 (S.D.N.Y. February 11, 1986).

*Victoria Sales Corp. v. Emery Air Freight, Inc.,* No. 86 CV 1610, 1989 WL 76227, *6–*7 (S.D.N.Y. Jul. 5, 1989) . The cases cited by the district court, however, are less than convincing of its premise. In *Orlove,* the court found that the Warsaw Convention's liability limitations were *not* applicable because there was a special declaration of value. 257 F.2d at 387–88. Accordingly, the liability limitation was not considered in determining the indemnity obligations at issue; attorney's fees were not discussed. In *Split End Ltd.,* the court found the third-party complaint at issue barred by the Warsaw Convention's two-year limitations period, as provided by Article 29. 1986 WL 2199, *4–*6. As neither case is supportive of the *Victoria Sales* district court holding, as K & N interprets it, we are disinclined to go beyond the appellate court's final decision to resurrect that lower court holding in aid to K & N.

The only other case K & N cites to support its entitlement to fees under the Warsaw Convention is *Sabena Belgian World Airlines v. United Airlines, Inc.,* 773 F.Supp. 1117 (N.D.Ill.1991). *Sabena,* like *Split End,* dealt with the Warsaw Convention only to discuss its two-year limitations period. Specifically, the court framed the issue as "whether the Warsaw Convention's two-year limitation period governs actions in which an air carrier sues its ground handler seeking reimbursement for money the air carrier paid to passengers or shippers due to the ground handler's alleged negligence." 773 F.Supp. at 1120. While the court held that the limitations period should not apply, it indicated that the liability limit would, quoting *Mitchell, Shackleton & Co. v. Air Express Intern.,* 704 F.Supp. 524 (S.D.N.Y.1989):

> The plaintiff in the original action, to which the Convention applies, cannot circumvent the Convention to either collect more than its limit or defeat the two-year limitation period ... *The Convention's limitation on carrier liability in this indemnity action is the Convention's liability limitation that applies to*

*the main action.* By allowing this indemnification action to proceed, this court ensures that the carrier's liability will be appropriately limited, within the liability parameters of the Convention, by its actual fault, if any.

*Sabena,* 773 F.Supp. at 1120, *quoting Mitchell,* 704 F.Supp. at 527(*emphasis added* ). In the instant case, the liability limitation has already been met, and to allow any further recovery would undermine the concerns expressed in *Sabena.*

Another glaring difference between *Sabena* and the instant case is the fact that the carrier was seeking reimbursement for money it had paid to shippers or passengers in the original action. K & N has made no such payments here; it is not seeking reimbursement for any liability it has incurred. It is interesting to note that, while the *Sabena* court allowed the carrier's implied indemnity claim to proceed over a motion to dismiss, it stated that:

> "Implied indemnity" is based on principles of restitution: "a contract implied in law arising from the legal obligation of an indemnitee to satisfy liability caused by actions of his indemnitor." [citations]. The fundamental premise for the cause of action is that the indemnitee, although without fault in fact, *has been subjected to liability* solely because of the legal relationship with the plaintiff or a nondelegable duty arising out of common or statutory law. [citation].

773 F.Supp. at 1122, *quoting Frazer v. A.F. Munsterman, Inc.,* 123 Ill.2d 245, 123 Ill.Dec. 473, 476–77, 527 N.E.2d 1248, 1251–52 (1988) (emphasis added). The court went on to hold that the carrier's complaint "sufficiently alleged" that it "was forced to satisfy shippers' claims for

the lost cargo." *Id.* K & N has not made, and cannot make, such an allegation here. Even under *Sabena,* upon which it relies, it does not appear its claim would be allowed.[5]

The same result would hold under the district court opinion in *Victoria Sales* and *Orlove,* upon which it relies, because they were based on primary and secondary liability as described in the Restatement (First) of Restitution. *Orlove,* 257 F.2d at 388. Under that theory, it is the discharge of a duty—such as payment to Motorola—that triggers the right to indemnification. Restatement (First) of Restitution, § 77(1)(1937). As already noted, K & N has not paid Motorola anything. Such was not the case in *Orlove* or *Victoria Sales.*

K & N then, is unable to cite a case where the court allowed a claim for indemnity and attorney's fees in which the Warsaw Convention's liability limitations applied. As a result, it offers the federal common law—or perhaps more accurately, admiralty—as a basis for its action, relying on two cases: *Insurance Co. of North America v. M/V Ocean Lynx,* 901 F.2d 934 (11th Cir.1990) and *SPM Corp. v. M/V Ming Moon,* 22 F.3d 523 (3rd Cir.1994). Both cases involved the Carriage of Goods by Sea Act (COGSA), and dealt with that statute's liability limitation as it regarded attorney's fees for indemnitees. The COGSA liability limitation provides that:

> [n]either the carrier nor the ship shall in any event be or become liable for any loss or damage in connection with the transportation of goods in the amount exceeding $500 per package ... unless the nature and value of such goods have been declared by the shipper before

---

**5.** The *Sabena* court struck the carrier's claim for attorney's fees. *Sabena,* 773 F.Supp. at 1122. Because the court did so on grounds not involving the Warsaw Convention, that portion of the ruling provides no guidance for us here, other than to further highlight the lack of support for K & N's claim.

shipment and inserted in the bill of lading.

46 U.S.C. § 1304(5). The courts in both *Ming Moon* and *Ocean Lynx* were able to find room outside the statutory limitation for an award of attorney's fees to indemnitees by resorting to admiralty law. *Ming Moon*, 22 F.3d at 525–26; *Ocean Lynx*, 901 F.2d at 941.

We do not find K & N's resort to COGSA and admiralty law in order to demonstrate its entitlement to attorney's fees persuasive. Aside from the fact that it is quite a leap from the Warsaw Convention, which indisputably covers the subject matter of this litigation, to COGSA, which has no application, the two liability limitations are dissimilar in a significant aspect. The Warsaw Convention limitation provides as follows:

> In the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of the value at delivery and has paid a supplementary sum if the case so requires. In that case the carrier will be liable to pay a sum not exceeding the declared sum, unless he proves that that sum is greater than the actual value to the consignor at delivery.

Article 22(2). While the COGSA limitation refers to liability *for loss or damage*, the Warsaw Convention limits liability *of the carrier* generally in the transportation of goods. COGSA's use of the phrase "loss or damage" clearly refers to what might physically happen to the goods in question. A different meaning would be conveyed by use of the term *damages*, which would refer more broadly to losses in the legal sense, as opposed to the physical *loss* of, or damage to, a piece of cargo. By way of comparison, Article 24 of the Warsaw Convention, states that "any action for *dam-*

*ages*, however founded, can only be brought subject to the conditions set out in this convention." This would clearly be a reference to *damages* in the legal sense, meaning monetary recompense. Black's Law Dictionary notes the distinction in defining *damage:*

> Loss, injury, or deterioration, caused by the negligence, design, or accident of one person to another, in respect of the latter's person or property. The word is to be distinguished from its plural, "damages", which means a compensation in money for a loss or damage.

Black's Law Dictionary, 389 (6th ed.1990). *See, also, In Re Air Disaster in Lockerbie, Scotland,* 733 F.Supp. 547, 553 (E.D.N.Y. 1990) (discussing distinction in Warsaw convention context).

In any event, we do not find these COGSA cases, dealing as they do with a much narrower liability limitation, to be of any aid to K & N in this Warsaw Convention case. Indeed, the courts in *Ming Moon* and *Ocean Lynx* felt comfortable supplementing COGSA with admiralty law, which we are unwilling to do in view of the Supreme Court's ruling in *Zicherman v. Korean Air Lines, Ltd.,* 516 U.S. 217, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996)(rejecting application of admiralty law or general common law as law that would govern in absence of the Warsaw Convention).

Beyond that, we note that the rulings in *Ming Moon* and *Ocean Lynx* return to the concept of indemnity voiced in *Sabena, Orlove,* and *Victoria Sales,* in that one party has defended against a claim only to be found liable and seeks restitution from the party that was actually, or primarily, at fault. In *Ming Moon,* the court relied on *Saks International, Inc. v. M/V Export Champion,* 817 F.2d 1011(2nd Cir.1987), as well as *Ocean Lynx. Saks International*

spoke of "indemnity for loss incurred." *Ocean Lynx,* interestingly, stated that the indemnitee's "expenditures in defending the main claim ... benefitted the [indemnitor] by limiting [the indemnitor's] liability". 901 F.2d at 941. In this case, FedEx has eliminated any question of K & N's liability by settling with Motorola. Furthermore, during summary judgment proceedings in this matter, it was certainly FedEx that limited liability while defending the main claim. FedEx's submissions on summary judgment advanced the applicability of the Warsaw Convention, leading to this court's ruling limiting liability. K & N's submissions on summary judgment merely adopted FedEx's arguments, and played little independent role in the proceedings. (*See K & N's Memorandum of Law in Support of its Motion for partial Summary Judgment; K & N's Reply Brief*). We are confident that this is not what the *Ocean Lynx* court had in mind in its ruling.

As a last resort, K & N half-heartedly seeks to rely on an indemnity provision in an IATA Cargo Agency Agreement. (*Defendant K & N's Memorandum of Law in Support of its Motion for Summary Judgment,* at 13). Specifically, K & N states: "If the Standard IATA Agreement applies, it supports indemnity, including reimbursement of attorney's fees." (*Id.*). Unfortunately, K & N is unable to argue that the agreement does apply. It simply skips that step and interprets the language of the agreement. While we are not constrained to assist K & N's counsel in their advocacy, it is not the court's job to put together arguments and evidence advocating the plaintiff's position, *Richards v.*

*Combined Ins. Co. of America,* 55 F.3d 247, 251 (7th Cir.1995), we were unable to locate any cases in which courts resorted to the terms of the IATA in a situation such as this where the Warsaw Convention was applicable.[6] Without more development from K & N, we must reject any claim it hopes to advance under the IATA.

## III. CONCLUSION

This is a close and difficult case. There is a minimal amount of case law on the subject matter in general, and apparently none on the particular issue before the court, that is: whether, where the Warsaw Convention applies, a putative indemnitee has an action for attorney's fees where the indemnitee has incurred no liability and the indemnitor has already satisfied liability in an amount equal to the liability limitation. In the end, based on the parties' submissions in this summary judgment proceeding, we cannot find that such an action is available to K & N.

For the foregoing reasons, defendant FedEx's motion for summary judgment is GRANTED; defendant K & N's motion for summary judgment is DENIED.

---

**6.** The cases K & N does cite, are New York case interpreting contractual indemnity language. Again, in this regard, we note that K & N has not made out a claim for indemnity under New York law, as it has not incurred any liability by way of payment. *See, e.g. Varo, Inc. v. Alvis PLC,* 261 A.D.2d 262, 265, 691 N.Y.S.2d 51, 55 (1999).