DEERE & COMPANY, a Delaware corporation, Plaintiff,

v.

DEUTSCHE LUFTHANSA AKTIENGE-SELLSCHAFT, a foreign corporation doing business in the United States as Lufthansa German Airlines, Defendant.

No. 81 C 4726.

United States District Court,
N.D. Illinois, E.D.

April 26, 1985.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This is an action under the Warsaw Convention[1] brought by plaintiff Deere & Company ("Deere") to recover expenses of approximately $195,500 resulting from damage to an IBM Model 3032 computer during loading by defendant Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") for shipment to Mannheim, Federal Republic of Germany.

Judge Grady previously has decided the majority of the issues presented in defendant's motion for summary judgment and plaintiff's motion for partial summary judgment. In a Memorandum Opinion dated December 30, 1982, the court granted Deere's motion for partial summary judgment as to the liability of defendant Lufthansa. In a second Memorandum Opinion dated December 30, 1982, the court granted Lufthansa's motion for summary judgment as to the use of the last official United States price of gold as the applicable standard governing limitation of its liability under Article 22(2) of the Warsaw Convention.[2]

Presently before this Court is the sole remaining issue on which the parties move for summary judgment: whether Lufthansa's liability under Article 22(2) must be calculated with reference to the entire weight of the shipment or with reference only to the weight of the package specifically damaged. For the following reasons, this Court grants Deere's motion for partial summary judgment as to the use of the weight of the entire shipment in calculating the limitation of Lufthansa's liability. Correspondingly, Lufthansa's motion for summary judgment on this issue is denied.

The entire shipment consisted of the various components that comprise an IBM

---

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air concluded at Warsaw, Poland, on October 12, 1929, 49 Stat. 3000, T.S. No. 876, adhered to by the United States June 27, 1934.

2. Article 22(2) provides, in pertinent part: "In the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram ...." 49 U.S.C. § 1502.

Model 3032 computer. The damaged package contained one of those components, the "directors frame." The court, in a Memorandum Opinion dated August 8, 1984, has determined the applicable law: "If the damage to the director frame affects the value of the entire computer, Lufthansa's liability must be calculated with reference to the weight of the entire computer shipment." Mem.Op. at 4. The court also allowed extended discovery on the issue of whether "the damage to the director frame of the computer did, in fact, affect the value of the entire computer." *Id.*

After a complete review of the evidence submitted, this Court concludes that there exists no genuine issue as to the material fact of the direct effect which the damage to the director frame had on the value of Deere's 3032 computer. The deposition testimony of Alexander G. Cameron, a product planner for IBM Corporation, Lufthansa's Response to Deere's Request for Admission, and the affidavit of Dieter Schirmer, Manager of Computer Services at Deere's European office, establish the following facts: the damaged frame was an integral part of the computer and the computer was inoperable without the frame; the director frame is not a minor maintenance component which can be readily replaced; IBM did not separately sell or lease director frames for Model 3032 computers; IBM engineers who inspected the damaged computer in Mannheim determined that it was necessary to return the damaged frame to the Poughkeepsie, New York plant for rebuilding; and the cost of rebuilding the frame alone, not including transportation charges or the cost to Deere of leasing a replacement computer, was approximately $57,000. Based on his experience at IBM, Mr. Cameron testified that "certainly" a damaged director frame would affect the value of the entire computer.

Lufthansa attempts to controvert the import of this evidence by pointing to deposition testimony that the IBM Model 3032 was not "one-of-a-kind" but rather was a "standard" IBM computer during the years it was produced, implying that Deere easily could replace one damaged component of the system. The evidence clearly shows, however, that the director frame was not readily replaceable: IBM did not separately sell or lease director frames for the Model 3032 computers. Therefore, that the IBM Model 3032 computer was "standard" rather than "one-of-a-kind," fails to raise an issue of fact.

This Court finds that the damage to the director frame, which rendered the 3032 computer inoperable for several months, affected the value of the entire computer. Thus, this Court grants partial summary judgment to Deere as to the use of the weight of the entire shipment in calculating Lufthansa's limitation of liability under Article 22(2) of the Warsaw Convention. Lufthansa's cross-motion for summary judgment on this issue therefore is denied.