**The HARTFORD FIRE INS. CO., etc., Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., et al., Defendants.**

**No. CV 86–5364 AWT.**

United States District Court, C.D. California.

Sept. 1, 1987.

Erno R. Bonebakker, Mannis & Green, Los Angeles, Cal., for plaintiff.

Robert J. Marshall, Belcher, Henzie & Biegenzahn, Los Angeles, Cal., for defendants.

**MEMORANDUM ORDER RE SUMMARY JUDGMENT**

TASHIMA, District Judge.

This is an insurer-subrogee's action to recover for loss of or damage to goods

during their carriage by air. Because the carriage was international in character, originating in France, Italy and Spain and terminating in California, liability is governed by the Warsaw Convention, 49 Stats. 3000 (1934), T.S. No. 876, *reprinted at,* 49 U.S.C. § 1502 note. Defendant moved for summary adjudication on the issue of calculation of damages. At the hearing on the motion, it appeared to the Court that the entire controversy could be disposed of if an appropriate further stipulation could be entered into. The parties have entered into a further stipulation of facts and have filed supplemental briefing as well. The parties now are agreed on all of the material facts; the matter is ripe for summary judgment.

All of the goods involved are items of clothing. Four shipments are involved. With respect to each shipment, only a portion of the goods shipped was lost or damaged. For example, the shipment under Air Waybill 015–84963900 consisted of four cartons weighing approximately 113 lbs. (51.4 kg.) and containing leather wearing apparel. Two items were missing, a jacket and a vest, valued by plaintiff at $335.43 and weighing approximately 5 lbs. (2.3 kg.). At issue is the method by which the carrier's limitation of liability is to be calculated under the Warsaw Convention. Plaintiff contends that the limitation should be based on the weight of entire shipment covered by the waybill. Defendant contends that the limitation should be based on the actual weight of the lost or damaged goods.

Article 22(2) of the Warsaw Convention provides, subject to an exception not applicable here, that, "In the transportation ... of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram...." The parties agree that FF250 per kg. = US $9.07 per lb. There appears to be only one case directly on point—from the Small Claims Branch of the District of Columbia Superior Court, *Norwood v. American Airlines, Inc.,* 16 Av. Cas. (CCH) 17,216 (1977). There, the court allowed recovery of the actual value of the goods lost (which exceeded the Warsaw Convention per-pound limitation times the actual weight of the lost goods, a camera).

It applied as the limitation of liability, a computation based on "the total weight of the packages" in which the camera was contained. *Id.* at 17,218.

Other cases, although not directly on point, support the interpretation that the per-pound limitation should be calculated on the basis of the weight of the item actually lost or damaged. *See Deere & Co. v. Deutsche Lufthansa A.G.,* 621 F.Supp. 721 (N.D.Ill.1985) (damage limitation calculated on basis of weight of entire shipment where damaged item affected value of entire shipment); *Maschinenfabrik Kern, A.G. v. Northwest Airlines, Inc.,* 562 F.Supp. 232 (N.D.Ill.1983) (although only certain parts damaged, damage was equivalent to total destruction of shipment); *Donziger v. Air France,* 16 Av. Cas. (CCH) 17,261 (S.D.N.Y.1979) (although method of damage calculation not in issue, damages for jewelry stolen from checked baggage calculated on weight of jewelry).

The Court concludes that when the lost or damaged goods constitute less than the entire shipment or container, the Warsaw Convention's liability limitation should be applied to the actual weight of the lost or damaged goods. To interpret Article 22(2) otherwise would lead to the anomolous result that a shipper or consignee's recovery would be the same for a partial loss as it would be for loss of an entire shipment. If plaintiff's position were sound, then it should follow that upon payment for loss based on the weight of the entire shipment, the carrier should be entitled to the salvage value of the remaining portion of the shipment. Plaintiff's subroger here had the benefit of the value of the remaining undamaged or unlost portion of the shipments. This fact bolsters the interpretation adopted by the Court.

Finally, I note that the shipper here declined the benefit (and cost) of Article 22(2)'s provision providing for a declaration of a value higher than the $9.07 per pound limitation upon payment of a "supplementary sum," *i.e.,* a premium. Here, what the shipper did was to secure the higher "coverage" from an independent insurance company, *i.e.,* plaintiff, rather than from the

carrier. To treat the carrier here as an insurer above $9.07 per pound when it has not been tendered the Warsaw Convention's "premium" would result in plaintiff collecting a premium for a policy which insured against no risk (or if the shipper had obtained no third-party insurance, the shipper obtaining the benefit of coverage above the limitation without paying any premium).

Accordingly,

IT IS ORDERED that summary judgment shall be entered consistent with this Memorandum Order.