**READ–RITE CORPORATION and American Home Assurance Company, Plaintiffs,**

v.

**BURLINGTON AIR EXPRESS, INC., Burlington Air Express, Ltd., and Cargolux Airlines International, S.A., Defendants.**

No. C 97–3113 CW (BZ).

United States District Court, N.D. California.

Nov. 20, 1998.

David M. Salentine, David M. Salentine Law Offices, San Francisco, CA, for plaintiff.

Michael W. Lodwick, Porter Groff & Lodwick, Long Beach, CA, Frank D. Pond, Pond North & Hugo, P.C., Ken M. Markowitz, Stephan E. Kyle, Kenney & Markowitz, LLP, San Francisco, CA, for defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR EXPENSES OF PROOF UNDER RULE 37(c)(2)

ZIMMERMAN, United States Magistrate Judge.

Plaintiffs Read–Rite Corporation and American Home Assurance Company sued Defendants Cargolux Airlines International, S.A. and Burlington Air Express, Ltd., alleging that Defendants damaged Plaintiffs' cargo while they were transporting it. In the course of the litigation, Plaintiffs served two sets of requests for admission on Defendants.[1] Plaintiffs contend that Cargolux either denied or evaded these requests improperly, forcing Plaintiffs to incur the costs of proving facts that Cargolux should have admitted. Plaintiffs now move to recover their expenses under Federal Rule of Civil Procedure ("Rule") 37(c)(2).

Requests 2, 3, and 4 in Plaintiffs' first set of requests for admission ("First Set") concerned Defendants' planned and actual routing of Plaintiffs' cargo. Cargolux denied

---

1. While requests for admission were served upon both Defendants, Plaintiffs seek expenses of proof only from Cargolux.

each request and objected to each on grounds of relevance and vagueness.

Request 10 in Plaintiffs' second set of requests for admission ("Second Set") asked Defendants to admit certain facts regarding when, where, and how Plaintiffs' cargo was damaged. Cargolux admitted the time and place of the incident and identity of the cargo. It denied that the crate was "dropped during handling" and stated that, despite having made reasonable inquiry, it did not have sufficient information to admit or deny that the cargo was damaged.

Requests 11—20 in the Second Set concerned whether and how much damage was done to the cargo. Cargolux's response to each of these requests was that it had made a reasonable inquiry but did not have information sufficient to either admit or deny the request.

Ruling on motions for summary judgment, United States District Judge Claudia Wilken granted Plaintiffs judgment for $66,000 with post-judgment interest against Cargolux, and directed each party to bear its own costs. Pursuant to Rule 37(c)(2), Plaintiffs now move the Court to order Cargolux to pay Plaintiffs' reasonable expenses, including attorney's fees, that were incurred to prove facts that were the subject of requests for admission that Cargolux either denied or refused to admit or deny. Plaintiffs seek $21,447.51, including costs and attorney's fees related to a twelve day trip to England during which Plaintiffs took eleven depositions. Plaintiffs claim that the entire cost of the England trip was incurred to prove facts that Cargolux should have admitted.

Where a party fails to admit the truth of any matter as requested under Rule 36, and the requesting party subsequently proves the truth of the matter, the requesting party may recover its reasonable expenses in making such proof, including reasonable attorney's fees. Fed.R.Civ.P. 37(c)(2). The court "shall" order the expenses paid unless it finds (1) that the request was held objectionable pursuant to Rule 36(a), or (2) that the requested admission was not of substantial importance, or (3) that the party failing to admit had reasonable grounds to believe it might prevail on the matter, or (4) that there

was other good reason for the failure to admit. *Id.*

■ Requests 2, 3, and 4 in Plaintiffs' First Set and requests 11—20 in Plaintiffs' Second Set do not merit an award of expenses because they were not of substantial importance to the litigation. Requests 2, 3, and 4 from the First Set concerned Defendants' intended, planned, and actual routing of the cargo. In ruling on the summary judgment motions, Judge Wilken found that the actual or intended routing of the cargo was not relevant to the action because the damage occurred when the cargo was first delivered to Defendants' ground handling agent. Summ. J. Order at 17. Since the damage occurred at a location that Defendants had disclosed to Plaintiffs, Judge Wilken found that Cargolux's misrepresentations about the routing of Plaintiffs' cargo had no bearing on liability. *Id.*

■ Requests 11—20 from the Second Set were drafted in reliance on a specific theory of liability—that if damage to a crate affects the value of all cargo, then liability is calculated with reference to the entire shipment. Pls.' Mot. at 6; *see Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft,* 621 F.Supp. 721, 722 (N.D.Ill.1985). Judge Wilken, however, rejected *Deere* and this theory of liability. Summ. J. Order at 15. Since these requests were based on the "entire shipment" theory of liability and Judge Wilken found that that theory did not apply, these requested admissions were not substantially important to the litigation.

■ Request 10 of the Second Set presents a different problem. Cargolux's response was evasive and might justify an award of expenses on that basis. But an award would nonetheless be limited to reasonable costs, Fed. R. Civ. Pro. 37(c)(2), and Plaintiffs' counsel's trip to England was not reasonably justified by Cargolux's evasion of request 10. A requesting party is not generally required to oppose an answering party's objections before moving for sanctions, *Marchand v. Mercy Medical Center,* 22 F.3d 933, 938 (9th Cir.1994). But where a response is evasive, a motion pursuant to Rule 36(a) to determine the sufficiency of the answer or objection, which might have established dam-

ages as an evidentiary sanction, is far more reasonable than a twelve day trip to Europe to take 11 depositions. *See Asea, Inc. v. Southern Pacific Transportation Company,* 669 F.2d 1242, 1247 (9th Cir.1981)(in response to a party's answer that available information is insufficient either to admit or deny, requesting party has options of moving to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted).

■ Similarly, Plaintiffs cannot prevail regarding any of their requests because the evidence establishes that Cargolux's responses did not precipitate the trip to England. Rather, the evidence is that Plaintiffs were planning to travel to England to take several depositions even before they served Defendants with the first set of requests for admission. Plaintiffs are only entitled to recover the entire cost of their trip if Cargolux's denials of or refusals to either admit or deny facts forced Plaintiffs to travel to England and take the depositions to prove those facts. *See* Fed.R.Civ.P. 37(c)(2). The court may award only those expenses that could have been avoided by a proper admission. *See* 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2290.

Plaintiffs' counsel wrote three letters indicating his intent to travel to England to take depositions even before Cargolux responded to either set of requests for admission. Plaintiffs served their First Set on January 21, 1998, and the Second Set on February 16, 1998. Plaintiffs have made no attempt to identify—whether in their moving papers, their reply, or their supplemental brief—that portion of the costs of the England depositions that is properly attributed to Cargolux's failure to make the requested admissions. Accordingly, based on the record before me, I find that Plaintiffs' did not incur any additional expenses as a result of Cargolux's failure to admit.

For the foregoing reasons it is hereby **ORDERED** that Plaintiffs' motion for expenses of proof under Federal Rule of Civil Procedure 37(c)(2) is **DENIED**.