**MOTOROLA, INC., Plaintiff,**

v.

**KUEHNE & NAGEL, INC. and Federal Express Corporation, Defendants.**

**No. 99 C 8438.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 6, 2001.

Robert J. Cozzi, Thomas J. Doell, William R. Galliani, Galliani, Doell & Cozzi, Ltd., Chicago, IL, for plaintiff.

Warren J. Marwedel, Robert Lee Reeb, Julia Alexandra Martin, Marwedel, Minichello & Reeb, P.C., Chicago, IL, Robert Charles von Ohlen, Jr., Patrick J. Keating, Derek Yeats Brandt, Kaplan, Begy & von Ohlen, Chicago, IL, for defendants.

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion of defendant Federal Express Corporation for partial summary judgment on the issue of damages.

### I. *BACKGROUND*

Plaintiff brings this suit to recover for purported damages to two shipments of equipment for a cellular infrastructure base station. The defendants move for summary judgment on the issue of damages, which they contend are limited by the Warsaw Convention, as it pertains to international air freight. Plaintiff argues that the Warsaw Convention's provisions limiting damages do not apply to this case.

In this case, both parties have filed the requisite Local Rule 56.1 [1] submissions in this summary judgment proceeding, and it appears very little is in dispute. FedEx handled the two shipments in question, which went from Dallas, Texas, to Osaka, Japan, on December 29, 1997, and January 28, 1998. Shipment was arranged by Kuehne & Nagel, a freight forwarder. The first shipment was made up of seventeen packages with a gross weight of 11,-207 kilograms. Three of these packages—weighing 729, 644, and 737 kilograms—were damaged. The second shipment consisted of fourteen packages with a combined weight of 9,221 kilograms. One package from this shipment, weighing 640 kilograms, was damaged. Kuehne & Nagel prepared the Air Waybills for the shipments. These waybills appear to have been standard, notifying the customer of the applicable Warsaw Convention provisions. Motorola does not dispute that it was aware of these provisions.

### II. *ANALYSIS*

#### A. *Summary Judgment*

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To ward off summary judgment by showing that there is a genu-

---

1. Rule 56.1(a) requires the party moving for summary judgment to file, among other items, a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Local Rule 56.1(a)(3). The required statement is to consist of short numbered paragraphs, including within each paragraph specific cites to the record which support the facts set forth. *Id.* Rule 56.1(b) then requires the opposing party to file among other items:

   a concise response to the movant's statement that shall contain: (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials. Local Rule 56.1(b)(3). Rule 56.1(b) further provides that "all material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* The district court, with the approval of the Seventh Circuit, has long enforced the requirements of these rules. *Markham v. White*, 172 F.3d 486, 490 (7th Cir.1999) (discussing Local General Rule 12, the predecessor to Rule 56.1).

ine dispute on a material fact, the non-moving party must do more than raise a "metaphysical doubt" as to the fact's existence. *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1139 (7th Cir.1997). The non-moving party cannot merely allege the existence of a factual dispute. *McPhaul v. Board of Com'rs of Madison County*, 226 F.3d 558, 563 (7th Cir.2000). That party must supply evidence sufficient to allow a jury to render a verdict in their favor. *Id.*

At the outset, the court will admit to no small amount of confusion stemming from plaintiff's submissions in these proceedings. It submits no facts in its Local Rule 56.1 submission that might require a trial; in fact, it does not even submit a Local Rule 56.1(b)(3)(B) statement. Its supporting memorandum consists of fifteen numbered paragraphs, a few of which seem to imply arguments, although these are unsupported by any properly submitted factual assertions. The court is left to play a bit of a guessing game to determine how exactly plaintiff thinks it can stave off summary judgment on the damages issues. But as it is not the court's job to put together arguments and evidence advocating the plaintiff's position, *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir.2001), we shall do so sparingly, if at all.

██ Plaintiff suggests, with supporting authority, that the laws of "simple bailment for hire" apply in its response to FedEx's motion for summary judgment. Plaintiff also argues that the general rule is that common carriers are liable for the actual damage to goods, and that the carrier has the burden of establishing their liability is limited, citing *First National Bank & Trust v. Consolidated Freightways*, 797 F.Supp. 1262, 1270 (E.D.Pa. 1992). We will not begin to speculate as to why plaintiff cites a Pennsylvania Pub-

lic Utilities Code case in an international airfreight matter, especially when plaintiff itself brings suit under the Warsaw Convention. The provisions of the Warsaw Convention provide an exclusive remedy preempting all other state and federal law claims.[2] *See Husmann v. Trans World Airlines*, 169 F.3d 1151, 1153 (8th Cir. 1999); *Fishman v. Delta Air Lines*, 132 F.3d 138 (2d Cir.1998); *Boehringer–Mannheim Diagnostics v. Pan American World Airways*, 737 F.2d 456, 458–59 (5th Cir.1984). Although the Seventh Circuit has never reached this question, it has demonstrated at least some approval of the line of cases finding preemption. *See Schroeder v. Lufthansa*, 875 F.2d 613, 620 n. 5 (7th Cir.1989) (observing that recent courts had held that the Convention itself creates a cause of action; citing cases so holding). Courts in the Northern District have followed this reasoning. *See Cheng v. United Airlines*, No. 93 C 149, 1995 WL 42157, *2 (N.D.Ill. Jan 31, 1995); *Beaudet v. British Airways, PLC*, 853 F.Supp. 1062, 1069 (N.D.Ill.1994); *Rageb v. DHL Worldwide Express*, No. 91 C 7334, 1992 WL 58753, *2 (N.D.Ill.1992); *Kenner Prods.–General Mills, Inc. v. Flying Tiger Line, Inc.*, No. 87 C 126, 1987 WL 11629, *2 (N.D.Ill. May 22, 1987). Accordingly, we cannot agree that the common law of bailment, let alone the Pennsylvania Public Utilities Code, governs this case.

██ The Warsaw Convention was drafted at international conferences in Paris in 1925, and in Warsaw in 1929; more than 120 nations now adhere to it. *Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 246, 104 S.Ct. 1776, 1780, 80 L.Ed.2d 273 (1984) The United States became a signatory in 1934. *Id.* The Convention creates internationally

---

**2.** Incredibly, plaintiff also argues that the terms of the Warsaw Convention are limited

in application to "fledgling industries."

uniform rules governing the air carriage of passengers, baggage, and cargo. *Id.* Under Article 18, carriers are presumptively liable for the loss of cargo, while Article 22 sets a limit on carrier liability:

> In the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of the value at delivery and has paid a supplementary sum if the case so requires....
>
> \* \* \* \* \* \*
>
> The sums mentioned above shall be deemed to refer to the French franc consisting of 65½ milligrams of gold at the standard of fineness of nine hundred thousandths. These sums may be converted into any national currency in round figures.

*Id.* The last official United States price of gold, before the final demise of the gold standard in 1978, was $42.22 per ounce, resulting in a limit under the Convention of $9.07 per pound, or $20.00 per kilogram. The Supreme Court has subsequently affirmed this price as the standard in *Trans World Airlines,* 466 U.S. at 260–61, 104 S.Ct. at 1787; *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft,* 855 F.2d 385, 387 (7th Cir.1988). This limitation of liability would presumably apply to the instant case.

■ To the extent plaintiff's somewhat cryptic memorandum is meant to suggest that some exemption to the Convention's limitation applies here, we cannot accept unsupported conjecture to stave off summary judgment. Plaintiff argues that there is no limitation of liability where there has been willful and wanton conduct. Although plaintiff neglects to cite the ap-

plicable provision, we note that Article 25 of the Warsaw Convention states:

> (1) The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be wilful misconduct. (2) Similarly the carrier shall not be entitled to avail himself of the said provisions, if the damage is caused under the same circumstances by any agent of the carrier acting within the scope of his employment.

Under these provisions, a plaintiff "must prove both willful misconduct and proximate cause in order to avoid the general rule of limited liability." *Brink's Ltd. v. South African Airways,* 149 F.3d 127, 129 (2nd Cir.1998); *see also Bayer Corp. v. British Airways, PLC,* 210 F.3d 236, 238–39 (4th Cir.2000); *Piamba Cortes v. American Airlines, Inc.,* 177 F.3d 1272, 1290 (11th Cir.1999). Courts note that this is a "heavy burden facing plaintiffs" seeking to demonstrate the application of the Convention's exception to the rule of limited liability. *Bayer Corp.,* 210 F.3d at 239.[3] In this case, the plaintiff's submissions on summary judgment do not raise this issue; it is not mentioned as a factual assertion in plaintiff's Local Rule 56.1 statement. Indeed, plaintiff does not even allege that the defendants acted willfully it its complaint. Because the plaintiff bears the burden of proof on this issue, it is obligated show through specific evidence that a triable issue of fact remains. *Warsco v. Preferred Technical Group,* 258 F.3d 557, 563 (7th Cir.2001). Here, the plaintiff has merely implied that this might be an issue, has

---

**3.** Plaintiff argues, without citation to any case law, that it is the defendants' burden to prove their conduct was not willful. (*Motorola's Response to the Motion of FedEx,* ¶ 9). Obviously, such is not the applicable law.

provided no evidence, and has not complied with the Local Rules.

The plaintiff could arguably be said to have raised one additional issue, which it presents as follows:

11. That as to FedEx's "per package" limitations, FedEx states in its Rule 56.1 statement, at paragraphs 5 and 7, referring to shipments "A" and "B"

"A shipment of Equipment for a cellular infrastructure *base station unit* . . . . . ."

12. That plaintiff agrees that they shipped *a telephone base station unit* each time, and the freight charge for each was for the *unit*, 11,000 Kilos and 9221 Kilos, respectively at $1.70 per Kilo (K & N 0066 & 098)

13. That FedEx cites the case of *Hartford Fire Insurance v. Trans World Airlines* (C.D.Cal.1987) 671 F.Supp. 693 to justify a loss of "part" of a shipment. In that case, however, the loss was to a shipment of *clothing*. Logic tells us that if you ship 500 suits and 100 are lost, you still have 400 to sell. Logic further tells us that when you damage part of a cell phone base station unit, you are left with nothing until and unless it is repaired or replaced, which is exactly the point raised in *Deere & Co. v. Deutsche Lufthansa* [N.D.ILL.] 621 F.Supp. 721. FedEx somehow construes the 7th Circuit's statement that it did not reach the issue and therefore had "no opinion" to mean "we reverse," which appears to be more of a stretch than is warranted.

(*Motorola's Response to the Motion of FedEx*, ¶¶ 11–13).

We suspect the argument plaintiff is endeavoring to make is for the application of the "affected weight" standard, which is embodied in the Hague Protocol to the Warsaw Convention.. In 1955, most of the signatories of the Warsaw Convention signed the Hague Protocol, which amended the Convention in several respects, including changing Article 22 as follows:

In the case of loss, damage or delay of part of registered baggage or cargo, or of any object contained therein, the weight to be taken into consideration in determining the amount to which the carrier's liability is limited shall be only the total weight of the package or packages concerned. Nevertheless, when the loss, damage or delay of a part of the registered baggage or cargo, or of an object contained therein, *affects the value of other packages* covered by the same baggage check or the same air waybill, *the total weight of such package or packages* shall also be taken into consideration in determining the limit of liability.

Article 22(2)(b). If plaintiff is indeed referring to this provision, it arguably could support its position except for the fact that the Hague Protocol did not enter into force for the United States until another international agreement, Montreal Protocol No. 4, was ratified by the Senate on September 28, 1998 and became effective on March 4, 1999. *See Fujitsu Ltd. v. Federal Exp. Corp.*, 247 F.3d 423, 431 (2nd Cir.2001). The shipments at issue here occurred more a year before that date. Even if this timing were not a problem, plaintiff would have to come forward with some evidence to demonstrate that the entire value of the shipment was affected by the damage to certain packages. In the case plaintiff cites, for example, *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*, 621 F.Supp. 721 (N.D.Ill.1985), the evidence "clearly show[ed]" that the damaged computer part "was *not* readily replaceable." 621 F.Supp. at 722. Plaintiff submits no such evidence here.

Based on the record in this matter, we cannot find that the Warsaw Convention's liability limitation is not applicable to this

case. While we might infer from plaintiff's submissions that it feels some exemption is applicable, such speculation is no substitute for an actual argument, properly supported as required in a summary judgment proceeding, and made in compliance with the local rules. Accordingly, we must find the defendants are entitled to summary judgment on the issue of damages, limiting liability, if any, to $55,000.

### III. *CONCLUSION*

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.